KLEINFELD, Circuit Judge,
dissenting:
I respectfully dissent. The majority distinguishes Armstrong v. Commissioner of Social Security[1] on the basis that the ALJ did not need to follow it because in this case, unlike in Armstrong, the ALJ determined that Lair-Del Rio was never disabled at any time. That would be a valid basis to distinguish Armstrong if the ALJ’s finding were supported by the record. But it is not. The record establishes that Lair-Del Rio became disabled at some point between 1998 and today.
Lair-Del Rio was previously a successful securities broker and financial planner who had her own radio show and otherwise appears to have functioned at a high level. She was adjudicated to be disabled in her SSI hearing in 2001. And in 2006 she was diagnosed with bipolar disorder by a psychiatrist, Dr. Inglis. Dr. Inglis prescribed standard bipolar disorder medication, and noted improvement in response to the treatment (which tends to confirm the diagnosis). The record shows a clear pattern of disintegrating mental health starting in the late 1990s but going undiagnosed until 2006, when she finally began receiving treatment for bipolar disorder. At some point, Lair-Del Rio became disabled. The question the ALJ had to decide was when. The case should turn on whether Lair-Del Rio’s disability began before her last date insured, June 30,1999.
Social Security Ruling 83-20 instructs the ALJ how to determine the exact date of disability in a situation where the claimant became disabled at some point but it is unclear if the onset date was before the date last insured. Lam-Del Rio’s is the type of claim that Ruling 83-20 contemplates in the following passage:
In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in a particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred.[2]
We held in Armstrong that when there is substantial evidence of disability but the onset date is unclear, Ruling 83-20 requires the ALJ to consult an independent medical advisor to evaluate the evidence and determine whether the onset of disability occurred before the date last insured.[3]
This case is strikingly similar to Armstrong. Both involve high-functioning individuals who stopped functioning and were later diagnosed with serious mental illness. Armstrong ceased any meaningful employment in 1988 and was diagnosed in 1994.[4] He made money by recycling aluminum cans.[5] Lair-Del Rio ceased her meaningful employment in 1998 and was diagnosed in 2006. She made money by having her son find department store receipts in the trash and pretend to return unpurchased items using the receipts. Dr. Kendall made this observation in a letter *698 dated May 25, 2000 in reference to her work with Lair-Del Rio from June to December of 1999, which partially overlaps with her period of insurance coverage.
In Armstrong, we stated that, “[although not diagnosed until 1994, Armstrong’s depression could have been disabling long before that time.”[6] That is equally true in this case, where the diagnosis of bipolar disorder came eight years after Lair-Del Rio stopped working, as opposed to six years in Armstrong. The ALJ in Armstrong determined that Armstrong had not demonstrated that his depression was disabling as of that earlier date.[7] We reversed and held that Ruling 83-20 requires the ALJ to consult with a medical expert to determine if the onset of the disability was earlier than the date of diagnosis.[8] We should do the same in this case.
There are two other differences between this case and Armstrong. First, the ALJ in Armstrong assessed disability benefits and SSI in the same proceeding. Lair-Del Rio had already been held disabled for SSI in 2001 when she sought past disability benefits. Second, Armstrong had some physical impairments as well as mental impairments. However, the opinion focuses on Armstrong’s mental disability and mentions the physical impairments in passing.[9] Neither of these differences suggest the cases should be decided differently.
The ALJ tried to support the finding that Lair-Del Rio was never disabled by finding that she “was capable of unskilled work involving simple repetitive tasks.” That is contradicted by the medical records. Both Dr. Gorlick and Dr. Rockman reference Lair-Del Rio’s inability to con-céntrate and to handle the stress of working. These opinions focus on Lair-Del Rio’s inability to function in any work environment, not on her inability to perform certain types of work.
It was error for the ALJ to fail to consult an independent medical expert to evaluate the full record in this case. Doing so would have enabled the ALJ to determine whether to relate the later diagnoses back to the earlier claimed onset date as provided by Smith v. Bowen.[10] A medical expert could review the record and advise the ALJ on whether the record supports the conclusion that Lair-Del Rio’s bipolar disorder caused her to be disabled prior to June 30, 1999, or whether her condition only became disabling at a later date.

. 160 F.3d 587 (9th Cir.1998).

. Social Security Ruling 83-20, 1983 WL 31249, *3.

. 160 F.3d at 590.

. Id. at 588.

. Id.

. Id. at 590.

. Id.

. Id.

. See id.

.849 F.2d 1222, 1225-26 (9th Cir.1988).